| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Frank Casella | | Not Present | |

**Proceedings:** PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Dkt. 22, filed February 26, 2018)

## I. INTRODUCTION

On February 1, 2017, plaintiff Universal Dyeing & Printing, Inc. ("Universal Dyeing") filed this copyright infringement action against defendant DIF Group, Inc., d/b/a Love Delirious Los Angeles ("Love Delirious"). Dkt. 1 ("Compl."). The gravamen of the complaint is that defendant infringed on plaintiff's copyrighted two-dimensional artwork used for textile printing by manufacturing or distributing products with the infringed design. Plaintiff submitted proof of service to the Court on March 27, 2017. Dkt. 15. Defendant has failed to file an answer or otherwise respond. On July 11, 2017, the Clerk entered default. Dkt. 19. On January 25, 2018, plaintiff filed the instant motion for default judgment. Dkt. 20 ("Mot."). In support of the motion, plaintiff submitted a declaration by the vice president of Universal Dyeing, Bryant Hwang. Dkt. 20-1, Declaration of Bryant Hwang ("Hwang Decl.").

Universal Dyeing is a California-based company engaged in textile printing and is the owner of the two-dimensional artwork at issue in this case (the "Subject Design"). Compl. ¶¶ 4, 9. The Subject Design was registered with the United States Copyright Office on July 20, 2010. Hwang Decl. ¶ 7. Plaintiff's business is predicated on developing and purchasing original artwork and obtaining copyright registration for those designs. Id. ¶¶ 3–4. Plaintiff maintains a proprietary library of these copyrighted designs, including the Subject Design, which is made available only to customers on the condition that customers agree to utilize Universal Dyeing to reproduce the designs. Id. ¶ 5. Hwang alleges that Universal Printing did not license or authorize Love Delirious to use the Subject Design. Id. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'  JS-6** |
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

The Court held a hearing on March 26, 2018.  Having considered the plaintiff's motion and supporting documentation, the Court rules as follows.

## III.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. CV03–6387DT(RCX), 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV.   DISCUSSION

### A.   Application of the Eitel Factors

#### 1.   Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered.  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72.  A plaintiff is prejudiced if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given the defendants' failure properly to respond and defend this suit, plaintiff would be prejudiced if denied a remedy against the moving defendants. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

## 2. Substantive Merits and Sufficiency of the Claims

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

Plaintiff seeks relief for copyright infringement in violation of 17 U.S.C. §§ 101 et seq. To establish infringement, plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "Registration is prima facie evidence of the validity of a copyright." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488–89 (9th Cir. 2000). Copying may be established by a showing that the works are substantially similar in their protected elements and that the infringing party had access to the copyrighted work. See Rice, 330 F.3d at 1174 (quoting Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th Cir. 2002)).

Plaintiff sufficiently alleges copyright infringement. Plaintiff has satisfied the first element by alleging that it is the undisputed copyright holder of the Subject Design, Compl. ¶ 9, and providing proof of copyright registration. Mot., Ex. 1. Plaintiff further alleges substantial similarity between the copyrighted design and the design of the infringing product. Compl. ¶ 11. Plaintiff provided images of the allegedly infringing product, Compl. ¶ 12 & Mot., Ex. 2, which depict a nearly identical design to the copyrighted image. Plaintiff further alleges that defendant had access to the Subject Design through the plaintiff's showroom or design library, illegally distributed copies of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'    JS-6** |
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

the Subject Design to third-party vendors, plaintiff's strike-offs and samples, and garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.  Compl. ¶ 14.

Accordingly, the Court concludes that plaintiff adequately pleads a claim for copyright infringement, and the second and third factors therefore weigh in favor of entering default judgment.

### 3. **Sum of Money at Stake in the Action**

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct."  PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72.  "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate."  United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, *6 (C.D. Cal. May 27, 2015); see also Walter v. Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O'  | JS-6 |
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 | |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | | |

The Copyright Act provides for either actual damages, 17 U.S.C. § 504(b), or statutory damages, 17 U.S.C. § 504(c). Actual damages include damages suffered by the copyright owner as a result of the infringement and any profits of the infringer that are attributable to the infringement. 17 U.S.C. § 504(b). For actual damages, the copyright owner is only required to present proof of the infringer's gross revenue. Id. Statutory damages are awarded at the discretion of the district court, and range from $750 to $30,000, or as much as $150,000 for willful infringement. 17 U.S.C. § 504(c)(1)–(2).

Plaintiff seeks statutory damages in the amount of $30,000 and costs and attorneys' fees in the amount of $2,864.28. Mot. at 1. Plaintiff did not submit evidence regarding its lost revenues or defendant's profits. However, plaintiff was unable to review defendant's records due to defendant's failure to appear or respond to the complaint or motion for default judgment. For that reason, "statutory damages are appropriate . . . because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1238 (E.D. Cal. April 17, 2008). Accordingly, this factor weighs in favor of the entry of default judgment.

### 4. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As previously explained, plaintiff adequately alleges its claim for copyright infringement. Therefore, the Court concludes that no factual disputes exist that would preclude the entry of default judgment on this claim. As a result, the fifth Eitel factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendant's excusable neglect. Defendant was properly served with summons and a copy of the complaint, see Dkt. 15, but has failed to show cause why a default judgment should not be entered against it. Accordingly, this factor weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

### 6. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). Of course, "this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. Defendant's failure to retain counsel and defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against defendant.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of plaintiff's claim for copyright infringement. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted). Consequently, it is appropriate to grant plaintiff's motion for default judgment against defendant.

### B. Appropriate Relief

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, plaintiff seeks statutory damages in addition to attorneys' fees, costs, and prejudgment interest. Mot. at 9. Plaintiff asserts that defendant's refusal to respond to the complaint frustrated plaintiff's ability to determine actual damages, thereby warranting an award of the maximum statutory damages. Id. at 10. Plaintiffs contend that because they pleaded that defendant's acts were "willful, intentional, and malicious," Compl. ¶ 19, plaintiff is entitled to as much as $150,000. Mot. at 10. However, plaintiff indicates that rather than requesting $150,000 in statutory damages, it is only requesting reasonable damages in the amount of $30,000. Id. at 10.

In determining the amount of statutory damages, the district court has wide discretion. See Peer Int'l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00825-CAS(ASx) | Date | March 26, 2018 |
| Title | UNIVERSAL DYEING & PRINTING, INC. V. DIF GROUP, INC., ET AL. | | |

1990). Generally, "statutory damages should be proportional to the damages suffered by the copyright holder." Star Fabrics, Inc. v. Karma, No. 2:17-cv-03693-SVW0E, 2017 WL 6513650, *3 (C.D. Cal. Dec. 19, 2017). Here, the Court finds that this is a clear case of copyright infringement. Accordingly, the Court shall award $30,000 in statutory damages.

### C.     Costs and Attorneys' Fees

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full costs" and reasonable attorneys' fees. 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989).

Local Rule 55–3 provides for attorneys' fees in a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55–3. For a judgment between $10,000.01 and $50,000, the schedule of attorneys' fees allows $1,200 plus six percent of the amount over $10,000. Id. Plaintiff requests attorneys' fees in the amount of $2,400 based on the fee schedule. Mot. at 13. Plaintiff also requests reimbursement of litigation costs in the amount of $464.28. Id. at 12–13

### V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. It is hereby **ORDERED** that judgment be entered in favor of plaintiff. Defendant shall be liable to plaintiff in the amount of $32,864.28, which is comprised of: (a) $30,000 in statutory damages for copyright infringement; and (b) $2,400 in attorneys' fees; and (c) $464.28 in costs.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |